IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHARLES HAMNER**  **PLAINTIFF**
**ADC #143063**

V.   NO. 2:22-cv-76-DPM-ERE

**REX LAY,** *et al.*   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you don't object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

Plaintiff Charles Hamner, an inmate at the Arkansas Division of Correction's (ADC's) East Arkansas Regional Unit, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hamner claims that ADC officials have demonstrated deliberate indifference to his health by denying him outdoor recreation for a two-month time

period. As a result, Mr. Hamner alleges he has suffered: (1) leg pain; (2) lower back pain; (3) headaches; (4) depression; and (5) excessive weight gain. Mr. Hamner sues Warden Rex Lay, Deputy Warden Christopher Johnson, Deputy Warden Michael Richardson,[1] Deputy Director William Straughn, Major Security Kenyon Randall, and Captain of Security Marcus Etherly. Mr. Hamner requests relief in the form of: (1) monetary damages; and (2) prospective injunctive relief. Mr. Hamner specifically requests that the Court order Defendants to: (1) conduct yard call; and (2) transfer him to another ADC unit where "he is granted outdoor exercise and freedom from enemies." *Id. at 10*.

Pending before the Court is Defendants' motion for summary judgment, supporting brief, and statement of undisputed facts arguing that Mr. Hamner failed to fully exhaust his administrative remedies before filing this lawsuit. *Docs. 44, 45, 46*. Mr. Hamner has responded to Defendants' motion, and it is ripe for review. *Docs. 48, 49, 50*.

For the reasons stated below, Defendants' motion for summary judgment should be granted.

---

[1] The Clerk is instructed to update the docket sheet to reflect Deputy Warden Michael Richardson's full name. *Doc. 20*.

### III.   Discussion:

#### A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Hamner to satisfy the ADC's requirements for raising and exhausting the claims he is asserting in this lawsuit before bringing this action.[2]

---

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

### B.     The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 44-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 14*.

Thus, to properly exhaust his administrative remedies with respect to his claims against Defendants, Mr. Hamner was required to present the claim in a timely filed grievance and go through all three steps of the ADC's grievance process before initiating this lawsuit. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original);

4

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

### C. Mr. Hamner's Grievance History

Defendants submit the affidavit of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor, who states that Mr. Hamner filed five grievances during the time period relevant to this lawsuit: (1) EAM-22-643; (2) EAM-22-747; (3) EAM-22-757; (4) EAM-22-787; and (5) EAM-22-839.[3] *Doc.44-1 at 7*. She explains that, although Mr. Hamner fully exhausted each of these grievances, he failed to do so *before* May 9, 2022, the date that he filed this lawsuit and as a result the claims in this lawsuit are not exhausted. *Id. at 11*. The Court agrees that Mr. Hamner did not fully exhaust grievances EAM-22-247, EAM-22-757, EAM-22-787, and EAM-22-839[4] until after he filed this lawsuit. However, with regard to grievance EAM-22-643, further discussion is required.

---

[3] Before bringing this lawsuit, Mr. Hamner fully exhausted grievance EAM-21-2078 and EAM-21-2078 and EAM-21-224. *Doc. 44-9; Doc. 44-10*. The claims raised in those grievances are not related to the claims raised in this lawsuit. Although, in grievance, EAM-21-224, he complains that, in November 2021, he was assigned to the quarantine cell block at the unit and denied recreation, in this lawsuit, Mr. Hamner is proceeding on claims that Defendants denied him out-of-cell recreation beginning in March 2022.

[4] Mr. Hamner fully exhausted these grievances on June 6, 2022, June 13, 2022, and July 12, 2022. *Doc 44-5 at 5; Doc. 44-6 at 5; Doc. 44-7 at 5; Doc. 44-8 at 6*.

On April 4, 2002, Mr. Hamner filed grievance EAM-22-643 complaining that Defendants Johnson, Lay, Richardson, and Randle violated ADC policy by denying him out-of-cell recreation. *Doc. 44-4 at 1*. On May 9, 2022, Mr. Hamner received the Director's decision denying Mr. Hamner's final appeal, thereby completing the grievance process. *Id. at 5*.

Under the "prison mailbox rule," a prisoner's complaint is deemed "filed" when he places it in the prison's internal mail system. *Sulik v. Taney County*, 316 F.3d 813, 815 (8th Cir. 2003), rev'd on other grounds, 393 F.3d 765 (8th Cir. 2005). It is undisputed that the envelope containing Mr. Hamner's complaint is dated May 5, 2022. *Doc. 2 at 74*.

Because Mr. Hamner's complaint was placed in the mail at least four days before the Deputy Director dated and entered his May 9, 2022 Step Three decision denying grievance EAM-22-643, Mr. Hamenr did not fully exhaust the claims raised in that grievance before he initiated this action on or before May 5, 2022. See *Hastings v. Wilbur*, 2021 WL 2444166 (E.D. Ark. June 15, 2021) (rejecting argument that prisoner's grievance was fully exhausted on the same day his § 1983 complaint was docketed, because "the complaint was deemed 'filed' when [prisoner] mailed it—not when the Clerk received and docketed it") (citing *Sulik*, 316 F.3d at 815).

Mr. Hamner offers no evidence to dispute Defendants' evidentiary showing that he failed to fully exhaust his administrative remedies regarding his claims against them.[5] Thus, on this record, there is no genuine issue of material fact regarding his failure to exhaust his administrative remedies, and Defendants are entitled to judgment as a matter of law. Mr. Hamner's claims should be dismissed without prejudice to refiling.

**IV.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 44*) be GRANTED.

2. Mr. Hamner's claims be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

Dated this 13th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] In his response to Defendants' motion, Mr. Hamner provides the Court an additional grievance, EAM-22-435. *Docs. 48*. However, Mr. Hamner submitted that grievance on July 19, 2022, *after* he filed this lawsuit. *Doc. 48 at 2*.